# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**QUIK PAYDAY, INC.,**
**d/b/a QUIK PAYDAY.COM,**
**QUIK PAYDAY.COM FINANCIAL**
**SOLUTIONS ONLINE,**
**WWW.QUIKPAYDAY.COM,**
**QUIK PAYDAY**
         **Plaintiff,**

**v.**                                     **Case No. 06-2203-JWL**

**JUDI M. STORK, in her official**
**capacity as Acting Bank Commissioner**
**and KEVIN C. GLENDENING,**
**in his official capacity as Deputy**
**Commissioner of the OFFICE OF**
**THE STATE BANK COMMISSIONER,**
**STATE OF KANSAS,**

         **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Quik Payday, Inc. filed a 42 U.S.C. § 1983 claim against Judi M. Stork, in her official capacity as Acting Bank Commissioner, and Kevin C. Glendening, in his official capacity as deputy Commissioner of the Office of the State Bank Commissioner, State of Kansas ("defendants"), alleging that they violated plaintiff's rights under the Commerce and Due Process Clauses of the Constitution. Plaintiff's complaint also alleges that KAN. STAT. ANN. § 16a-1-201(1), on its face and as applied to plaintiff, is unconstitutional. This matter is presently before the court on defendants' motion to dismiss (doc. #2) which alleges that: (1) plaintiff lacks Article III standing because it suffered no injury in fact; (2) plaintiff's claim is not ripe, (3) plaintiff failed to exhaust administrative remedies, and (4) plaintiff fails to state a claim for

which relief can be granted.  For the reasons explained below, defendants' motion is retained under advisement.

*Procedural Background*

In mid-2005, the Kansas Office of the State Bank Commissioner ("OSBC") contacted plaintiff regarding its on-line payday loans.  On March 13, 2006, OSBC issued a Summary Order to Cease and Desist, Pay Civil Penalty (Fine), To Bar from Future Application for Licensure, and to Pay Restitution for Violations ("Summary Order") against plaintiff for allegedly violating the Kansas Uniform Consumer Credit Code (KCCC), KAN. STAT. ANN. § 16a-1-101 *et seq*.  The Summary Order specifically alleges that since May 11, 2001, plaintiff "ha[s] engaged in the business of making, and /or undertaking direct collection of payments from at least 3,077 supervised (payday) loans . . . with at least 972 Kansas consumers, without first having obtained a license from the administrator . . . resulting in at least 3,077 violations of KAN. STAT. ANN. § 16a-2-301."  On March 29, 2006, plaintiff submitted a timely request for a hearing to the administrator of the OSBC.  Plaintiff then filed this lawsuit on May 19, 2006.  At a pre-hearing conference held on May 22, 2006, plaintiff filed a motion to stay the OSBC administrative proceedings pending the outcome of this lawsuit, which the defendants objected to.  There has been no evidentiary hearing in the administrative action, no date has been set for an evidentiary hearing in the administrative proceeding, nor has an initial or final order been filed in the administrative proceeding.

2

*Order for Supplemental Briefing*

In reviewing the arguments set forth in the defendants' motion to dismiss, it appears to the court that the motion to dismiss may implicate the issue of whether the court should abstain from exercising jurisdiction pursuant to the rationale expressed in *Younger v. Harris*. 401 U.S. 37 (1971). *Younger* requires a federal court to abstain when: (1) there is ongoing state criminal, civil, or administrative proceedings; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests. *Amanatullah v. Colorado Bd. of Medical Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999). Defendants have not raised this issue, as a result neither party has addressed it. It is proper for the court to introduce the issue of *Younger* abstention *sua sponte* in this case even though neither party has raised it. *Morrow v. Winslow*, 94 F.3d 1386, 1390 (10th Cir. 1996). It seems to the court that, because of their motion to dismiss, the defendants have not expressly urged this court to decide the constitutional merits, and therefore they have not waived the *Younger* abstention argument. *See id*. Moreover, if the court concludes that the requirements of *Younger* are met, abstention is mandatory, not discretionary. *Amanatullah*, 187 F.3d at 1163.

The parties, then, are directed to submit supplemental briefing limited to the issue of whether the court must abstain under the *Younger* rationale on or before September 5, 2006, and the parties may file a response to the other party's brief on or before September 22, 2006. Defendant's motion to dismiss is retained under advisement pending resolution of the abstention issue. If the court determines that it need not abstain from hearing plaintiff's claims, the court will address the specific arguments set forth in defendants' motion to dismiss without the need

for additional briefing on those issues.

**IT IS ORDERED BY THE COURT THAT** the parties are directed to file supplemental briefing limited to the issue of whether the court must abstain from hearing plaintiff's claims on or before September 5, 2006, and the parties may file a response to the other party's brief on or before September 22, 2006.

**IT IS SO ORDERED.**

Dated this 17th day of August, 2006, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4